E-FILED
Monday, 07 October, 2019  05:24:14 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**(PEORIA DIVISION)**

| | |
|---|---|
| **PEORIA SLF, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. _____** |
| ) | |
| **ANDREA GOLD - DIRECTOR, FNS SNAP** ) | |
| **RETAILER POLICY & MANAGEMENT DIVISION,** ) | |
| **PAM MILLER - ADMINISTRATOR - FOOD &** ) | |
| **NUTRITION SERVICE, and FOOD & NUTRITION** ) | |
| **SERVICE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

NOW COMES Plaintiff Peoria SLF, LLC ("Peoria SLF"),  by and through undersigned counsel, pursuant to 28 U.S.C. §1361, 5 U.S.C. § 701 et seq., 28 U.S.C. § 2201 et seq., and Fed. R. Civ. P. 57, and hereby files this Complaint against Defendant Andrea Gold, Director - Supplemental Nutrition Assistance Program ("SNAP") Retailer Policy & Management Division ("Director Gold"), in her official capacity; Defendant Pam Miller, Administrator, Food & Nutrition Service ("FNS"), in her official capacity ("Administrator Miller"); and Defendant FNS, seeking issuance of a Writ of Mandamus, for declaratory judgment, and for preliminary and permanent injunctive relief, and alleges as follows:

1.     This action seeks issuance of a Writ of Mandamus to compel Director Gold, Administrator Miller, and FNS to grant Peoria SLF's completed application for SNAP authorization. This action also seeks issuance of a declaratory judgment from this Court declaring that Defendants' failure to grant Peoria SLF's SNAP application is unlawful, in violation of 7 U.S.C. § 2018(i)(2) and 7 C.F.R. §278(a)(1), and for issuance of preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

2.    This Court has subject matter over this action and personal jurisdiction over the parties, pursuant to 28 U.S.C. §§ 1331, 1346, 1361, and 2201 et seq., 7 U.S.C. § 2018, Fed. R. Civ. P. 57, and 7 C.F.R. § 278.1.

3.    This Court has jurisdiction to grant writs of mandamus, declaratory judgments, preliminary and permanent injunctive relief, and further necessary and proper relief pursuant to 28 U.S.C. § 1361 and Fed. R. Civ. P. 57 and 65.

4.    Venue in this judicial district is proper under 28 U.S.C. §§1391(b) and (e) because Grand Regency, the SLF owned and operated by Peoria SLF, is located in this judicial district. Venue is also proper because the United States of America, its agencies, and its officials are deemed residents of this judicial district.

5.    No administrative remedies exist and/or are required to be exhausted prior to the institution of this action.

## PLAINTIFF

6.    Peoria SLF is an Illinois Limited Liability Company with its principal place of business in this judicial district. Peoria SLF operates Grand Regency of Peoria, a supportive living program community located at 117 N. Western Avenue, Peoria, Illinois 61604 ("Grand Regency").

## DEFENDANTS

7.    Director Gold is the Director of FNS's SNAP Retailer Policy & Management Division ("RPMD").  Director Gold is an Officer of the United States.  In her official capacity as RPMD Director, Ms. Gold has oversight and responsibility over the authorization and participation of entities in SNAP, including Supportive Living Program communities ("SLFs").

8.    Administrator Miller is the FNS Administrator.  Administrator Miller is an Officer of the United States.  In her official capacity as FNS Administrator, Ms. Miller has oversight and responsibility over all aspects of the SNAP.

2

9.    Defendant FNS is an agency of the United States Department of Agriculture ("USDA").

10.    USDA is an executive branch department of the federal government.

11.    FNS administers and has promulgated regulations governing the SNAP pursuant to powers delegated by Congress in Section 4 of the Food and Nutrition Act of 2008, as amended.  7 U.S.C. §2013.

## BACKGROUND INFORMATION

### SNAP

12.    Formerly known as the food stamp program, SNAP provides supplemental nutrition benefits to nearly 40 million Americans and more than 1.7 million residents of Illinois.

13.     SNAP's fundamental purpose is to provide eligible low-income households with increased food purchasing power. 7 U.S.C. § 2011.

14.    In enacting the Food and Nutrition Act of 2008, as amended, Congress intended that apartment buildings occupied by the elderly and disabled (including, but not limited to, SLFs) be SNAP-authorized. 7 U.S.C. § 2012 (k) and (o).

15.    In enacting the definition of "food," Congress expressly included "meals prepared by and served in apartment buildings occupied primarily by" "persons who are sixty years of age or over or who receive supplemental security income befits or disability or blindness payments under title I, II, X , XIV, or XI of the Social Security Act [ ] and their spouses" within that definition.  7 U.S.C. § 2012(k)(3).

16.    In enacting the definition of "retail food store," Congress expressly intended that FNS authorize "an establishment, organization, program, or group living arrangement referred to in paragraphs (3), (4), (5), (7), (8), and (9) of subsection (k). 7 U.S.C. § 2012(o).

17.    For more than twenty years, FNS has authorized, as SNAP retailers, apartment buildings occupied primarily by persons who are sixty years of age or over ("elderly") or who receive

supplemental security income befits or disability or blindness payments under title I, II, X , XIV, or XI of the Social Security Act ("disabled"), and their spouses.

18.    Currently, more than 150 apartment buildings that serve meals to residents and are occupied primarily by the elderly and disabled (and their spouses) are SNAP-authorized.

19.    7 C.F.R. § 278.1(a) provides, in pertinent part, that "FNS shall approve or deny the application within 45 days of receipt of a completed application."

**2018 Farm Bill Amendments to The Food and Nutrition Act**

20.    On December 20, 2018, the Agriculture Improvement Act of 2018 ("2018 Farm Bill") was signed by President Trump and became law.

21.    Section 4007(i) of the 2018 Farm Bill, which was codified as 7 U.S.C. 2018(i)(2), provides:

(1)  **Review by the Secretary**

The Secretary—

(A)    shall review a representative sample of currently authorized facilities referred to in section 2012(k)(3) of this title to determine whether benefits are properly used by or on behalf of participating households residing in such facilities and whether such facilities are using more than 1 source of Federal or State funding to meet the food needs of residents;

(B)    may carry out similar reviews for currently participating residential drug and alcohol treatment and rehabilitation programs, and group living arrangements for the blind and disabled, referred to in section 2012(k) of this title;

(C)    shall gather information, and such facilities, programs, and arrangements shall be required to submit information deemed necessary for a full and thorough review; and

(D)    shall report the results of these reviews to the Committee on Agriculture of the House of Representatives and the Committee on Agriculture, Nutrition, and Forestry of the Senate not later than 18 months after December 20, 2018, along with recommendations regarding—

(i)    any additional requirements or oversight that would be appropriate for such facilities, programs, and arrangements; and

(ii)    whether such facilities, programs, and arrangements should continue to be authorized to participate in the supplemental nutrition assistance program.

(2) **Limitation**

Nothing in this subsection shall authorize the Secretary to deny any application for continued authorization, any application for authorization, or any request to withdraw the authorization of any such facility, program, or arrangement based on a determination that residents of any such facility or entity are residents of an institution for a period of 18 months from December 20, 2018.

22.    7 U.S.C. § 2018(i)(2), along with the Conference Report that accompanied H.R. 2, made clear that while Congress intended for FNS to conduct a review of supportive living facilities and other facilities referred to in 7 U.S.C. 2012(k)(3), it prohibited FNS from withdrawing the authorization of currently authorized facility referred to in §2012(k)(3) and precluded FNS from denying the authorization of such facilities that applied for SNAP authorization.

**FNS Acts and Omissions Following Enactment of Farm Bill Section 4007**

23.    During 2018 and 2019, numerous SLFs, which are a type of entity referred to in 7 U.S.C. § 2012(k)(3), submitted applications to FNS seeking SNAP authorization.

24.    FNS has declined to grant or deny any of those facilities' applications for SNAP authorization.

25.    Instead, via letter dated March 1, 2019, from Defendant Director Gold, FNS advised that it was "holding this application *as well as other similar applications received or still to be received* in a pending status until we complete the review required by Section 4007 of the Farm Bill." (emphasis added) A copy of Director Gold's letter, dated March 1, 2019, is attached hereto as Exhibit A.

26.    Defendant Director Gold's letter further referenced that it was conducting a review of a "representative sample of currently authorized facilities referred to in Section 3(k)(3) of the Food and Nutrition Act" and that it would hold new applications in a pending status until the review mandated by 7 U.S.C. §2018(i)(1) was complete. *Id.*

27. Defendant Director Gold's letter set forth the agency's determination with respect to applications for SNAP authorization submitted by SLFs and other entities referenced in 7 U.S.C. § 2012(k)(3). In her March 1, 2019, letter, Defendant Director Gold stated, "it is our determination that the Agency has no grounds to approve new SLF applications that would otherwise be denied because they are institutions by the regulatory definition." *Id.*

### Grand Regency of Peoria and its SNAP Application

28. On or about August 1, 2019, Peoria SLF commenced operations at the Grand Regency community.

29. Peoria SLF is an SLF licensed by Illinois Department of Healthcare and Family Services ("DHFS").

30. Grand Regency has approximately 85 elderly and/or disabled residents.

31. Approximately 64 of Grand Regency's residents receive Medicaid benefits or have pending Medicaid applications.

32. Approximately 64 of Grand Regency's residents are SNAP beneficiaries or have applied for SNAP benefits.

33. Prior to being acquired, Grand Regency was a DHFS-licensed, SNAP-authorized SLF known as Courtyard Estates of Peoria.

34. On July 11, 2019, Peoria SLF submitted its application to FNS seeking SNAP authorization at its Grand Regency facility.

35. Peoria SLF's application for SNAP authorization included a completed FNS Form 252-2, the Application for Meal Service form required by FNS, and all other required records.

36. Despite the passage of nearly 90 days since Peoria SLF submitted its completed application for SNAP authorization, FNS has neither granted nor denied Peoria SLF's SNAP application.

37.    On August 30, 2019, more than 45 days after it submitted its completed SNAP application, Peoria SLF made an inquiry with FNS about the status thereof.

38.    On September 4, 2019, FNS Section Chief Kent Wells advised, via e-mail to Peoria SLF that its application for SNAP authorization would be held in a pending status until after FNS's review is complete.  A copy of Mr. Wells' email is attached hereto as Exhibit B.

39.    Mr. Wells' email provides:

> FNS is currently following Congress's direction in Section 4007 of the 2018 Farm Bill which requires the Secretary to review a representative sample of currently authorized facilities referred to in Section 3(k)(3) of the Food and Nutrition Act.  As this provision governs only those Supportive/Senior Living Facilities (SLF) entities currently authorized, any new applications submitted by such facilities will be held in a pending status until the study of authorized establishments has been completed.

40.    Notwithstanding the clear requirement in 7 C.F.R. § 278.1(a) to grant or deny completed applications for SNAP authorization within 45 days, FNS has failed to authorize Peoria SLF's SNAP application.

41.    7 U.S.C. § 2018(i)(1) does not authorize FNS to hold applications for SNAP authorization submitted by entities referred to in 7 U.S.C. § 2012(k)(3) in a pending status until its study/review is complete or submitted to Congress.

42.    7 U.S.C. § 2018(i)(1) does not direct FNS to hold applications for SNAP authorization submitted by entities referred to in 7 U.S.C. § 2012(k)(3) in a pending status until its study/review is complete or submitted to Congress.

43.    7 U.S.C. 2018(i)(1) does not authorize FNS to deny applications for SNAP authorization submitted by entities referred to in 7 U.S.C. §2012(k)(3) during the time that the study/review required by 7 U.S.C. § 2018(i)(1) is complete or submitted to Congress.

44.    7 U.S.C. § 2018(i)(1) does not direct FNS to deny applications for SNAP authorization submitted by entities referred to in 7 U.S.C. § 2012(k)(3) during the time that the study/review required by 7 U.S.C. § 2018(i)(1) is complete or submitted to Congress.

45.     7 U.S.C. § 2018(i)(2) precludes FNS from denying applications for SNAP authorization by entities referred to in 7 U.S.C. § 2012(k)(3) based on a determination that residents of such entity are residents of an institution.

46.     Even if FNS's study/review recommends to Congress that additional oversight requirements should be imposed, the agency does not have authority to withdraw the SNAP authorization of facilities referred to in 7 U.S.C. § 2012(k)(3).

47.     Even if FNS's study/review recommends to Congress that SLFs should not continue to be SNAP authorized, the agency does not have authority to withdraw the SNAP authorization of entities referred to in 7 U.S.C. § 2012(k)(3).

48.     Even if FNS's study/review recommends to Congress that additional oversight requirements should be imposed, the agency does not have authority to deny the application for SNAP authorization of entities referred to in 7 U.S.C. § 2012(k)(3).

49.     Even if FNS's study/review recommends to Congress that SLFs should not continue to be SNAP authorized, the agency does not have authority to deny the application for SNAP authorization of entities referred to in 7 U.S.C. § 2012(k)(3).

## COUNT I - MANDAMUS

50.     Plaintiff repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51.     Pursuant to 28 U.S.C. § 1361, "the district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

52.     Defendant Director Gold is an officer or employee of the United States.

53.     Defendant Administrator Miller is an officer or employee of the United States.

54.     Defendants Gold and Miller have authority, in their official capacities, to grant or deny applications for SNAP authorization.

55.     In their official capacities, Defendants Gold and Miller have mandatory, non-discretionary, duties to grant or deny completed applications for SNAP authorization.

56.     In their official capacities, Defendants Gold and Miller have mandatory, non-discretionary, duties to grant or deny completed applications for SNAP authorization submitted by facilities referenced in 7 U.S.C. § 2012(k)(3).

57.     Peoria SLF submitted a completed application for SNAP authorization.

58.     Peoria SLF is an entity of the type expressly referenced in 7 U.S.C. § 2012(k)(3).

59.     More than 45 days have elapsed since Peoria SLF submitted its application for SNAP authorization to FNS.

60.     Despite the passage of more than 45 days since Peoria SLF submitted its completed SNAP application to FNS, the agency has expressly declined to grant or deny its completed application for SNAP authorization.

61.     FNS's stated reason for its refusal to grant or deny Peoria SLF's completed application for SNAP authorization is that it is conducting the study/review mandated by 7 U.S.C. § 2018(i)(1).

62.     FNS has determined that Peoria SLF is an institution.

63.     FNS has advised, in writing, that but for the pendency of the study/review mandated by 7 U.S.C. § 2018(i)(1), it would deny Peoria SLF's application for SNAP authorization based on its determination that it is an institution.

64.     7 U.S.C. § 2018(i)(2) prohibits FNS from denying applications for SNAP authorization submitted by an entity referenced in 7 U.S.C. § 2012(k)(3) based on a determination that such entity is an institution.

65.     FNS has no authority to place applications for SNAP authorization by entities referenced in 7 U.S.C. § 2012(k)(3) in a pending status.

66.    FNS has no authority to place applications for SNAP authorization by entities referenced in 7 U.S.C. § 2012(k)(3) in a pending status based on a determination that such facility is an institution.

67.    FNS has no authority to place applications for SNAP authorization by entities referenced in 7 U.S.C. § 2012(k)(3) in a pending status because it is conducting the study/review mandated by 7 U.S.C. § 2018(i)(1).

## COUNT II –VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

68.    Plaintiff repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69.    The Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* provides for judicial review to compel agency action if unreasonable delayed and grants judicial review to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action.  7 U.S.C. § 702.

70.    "Agency action" includes the "failure to act."  7 U.S.C. § 551(13).

71.    When unreasonable delay occurs, district courts may "compel agency action unlawfully withheld or unreasonably delayed."

72.    Defendants have a non-discretionary duty to grant or deny Peoria SLF's completed SNAP application in accordance with the Food and Nutrition Act of 2008 and applicable SNAP regulations.

73.    Despite this regulatory mandate, Defendants have failed to grant or deny Peoria SLF's SNAP application.

74.    Defendants' delay in granting or denying Peoria SLF's SNAP application, in violation of 7 C.F.R. § 278.1, constitutes a violation of the APA.

75.    Defendants' violation is ongoing and their failure to grant or deny Peoria SLF's SNAP application is in dereliction of their express duties, as directed by Congress in the Farm Bill of 2018 and in violation of FNS's own SNAP regulations.

76.     Due to the Defendants' failure to respond within the period mandated by 7 C.F.R. § 278.1 and in violation of the Farm Bill's express directive, this Court should compel the agencies to act. 5 U.S.C. § 706(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Peoria SLF, LLC respectfully requests that this Court:

(a) Enter Judgment in its favor and against Defendants;

(b) Issue a Writ of Mandamus Directing FNS to grant Peoria SLF's SNAP application forthwith;

(c) Declaring that Defendants violated 7 U.S.C. § 2018(i)(2) by failing to grant Peoria SLF's SNAP application;

(d) Declaring that Defendants violated 7 C.F.R. § 278.1(a) by failing to grant Peoria SLF's SNAP application within 45 days of submission;

(e) Declaring that the Defendants' continuing failure to grant or deny Peoria SLF's SNAP application constitutes "unreasonable delay" in violation of the Administrative Procedure Act;

(f) Entering a preliminary injunction enjoining FNS from denying Peoria SLF's application for SNAP authorization based on the determination that it is an institution;

(g) Entering a permanent injunction enjoining FNS from denying Peoria SLF's application for SNAP authorization based on the determination that it is an institution;

(h) Entering a preliminary injunction enjoining FNS from withdrawing Peoria SLF's SNAP authorization based on the determination that it is an institution;

(i) Entering a permanent injunction enjoining FNS from withdrawing Peoria SLF's SNAP authorization based on the determination that it is an institution;

(j) Entering a preliminary injunction enjoining FNS from denying or withdrawing Peoria SLF's SNAP authorization based on the determination that its residents are residents of an institution;

(k) Entering a permanent injunction enjoining FNS from denying or withdrawing Peoria SLF's SNAP authorization based on the determination that its residents are residents of an institution;

(l) Awarding Peoria SLF an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

(m) Such other and further relief as the Court may deem just and proper.

Dated this 7th day of October 2019.

By:  /s/ *Robert M. Riffle*
Robert M. Riffle
Anne Mergen
Riffle & Associates LLC
133A South Main Street
Morton, Illinois 61550
(309) 321-8365
(309) 321-8460 Facsimile
rriffle@rmrenterprises.net
amergen@rmrenterprises.net

Stewart D. Fried (*pro hac vice* admission forthcoming)
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W., # 3000
Washington, D.C. 20006
(202) 518-6326 – Direct Dial
(202) 747-3140 – Facsimile
sfried@ofwlaw.com

Attorneys for Plaintiff Peoria SLF, LLC