E-FILED
Saturday, 16 November, 2019  12:12:15 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**(PEORIA DIVISION)**

|  |  |  |
|---|---|---|
| **PEORIA SLF, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:19-cv-01324-JES-JEH** |
| | ) | |
| **ANDREA GOLD et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Peoria SLF, LLC ("Peoria SLF"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56, hereby files this Motion for Summary Judgment and as grounds therefore, states as follows:

**I.      INTRODUCTION**

This action seeks preliminary and permanent injunctive and declaratory relief to compel USDA's Food and Nutrition Service ("FNS") to compel Defendants Andrea Gold, Pam Miller, and FNS to adhere to their duty to take mandatory, non-discretionary action with respect to Peoria SLF's application for authorization to participate as a retail food store in the Supplemental Nutrition Assistance Program ("SNAP").

Peoria SLF is a Supportive Living Facility ("SLF") licensed by the State of Illinois and known as Grand Regency of Peoria. Peoria SLF is an apartment building primarily occupied by the elderly at which meals for residents are served in accordance with state requirements. On August 1, 2019, Peoria SLF purchased the facility.  Prior to the purchase, Grand Regency of Peoria was known as Courtyard Estates of Peoria.  Courtyard Estates was authorized by FNS to accept SNAP benefits.

On July 11, 2019, Peoria SLF submitted its application for SNAP authorization to FNS. Although more than 150 SLFs in Illinois are SNAP-authorized retailers, FNS has refused to approve or deny Peoria SLF's application for authorization. FNS's failure to act is unlawful and violates its regulation governing the authorization of SNAP retailers. Peoria SLF possesses a legal right to have FNS grant its application for SNAP authorization.

7 C.F.R. §278.1(a) requires, in pertinent part, FNS to "approve or deny the application within 45 days of receipt of a completed application." There is no dispute that Peoria SLF has submitted a completed SNAP application to FNS. There is also no dispute that more than 45 days have elapsed since Peoria SLF submitted its completed SNAP application to FNS. FNS has formally advised Peoria SLF, in writing, that its application for SNAP authorization was placed in a pending status until the agency submits a report to Congress in June 2020. This is effectively a denial by inaction, and FNS has absolutely no authority to refuse to act on a completed application for SNAP authorization.

Finally, Section 4007(2) of the 2018 Farm Bill expressly prohibits FNS from denying Peoria SLF's application for SNAP authorization. But that is the precise reason that FNS placed Peoria SLFs application for SNAP authorization in a pending status. FNS has, in a letter dated March 1, 2019, officially acknowledged this is the reason that Peoria SLF's application for SNAP authorization has not been granted or denied. Had FNS not placed Peoria SLF's application for SNAP authorization in a pending status, it would have denied it in violation of Section 4007(2) of the 2018 Farm Bill.

As the facts cannot reasonably be disputed and there is no legal basis for FNS to deny Peoria SLF's application for SNAP authorization, Peoria SLF is entitled to a declaratory judgment and a writ of mandamus that provides that FNS failed to adhere to its mandatory duties under its own regulations, and ordering it to grant Peoria SLF's application for SNAP authorization. This Court should also enter summary judgment in Peoria SLF's favor, declaring that FNS violated the

Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq., by unlawfully withholding or unreasonably delaying issuance of a decision on Peoria SLF's application for SNAP authorization.

II.     **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.      On July 11, 2019, Peoria SLF, LLC properly submitted a complete application for SNAP authorization to FNS.  Finestone Declaration at ¶ 6 and 7. A true and complete copy of Peoria SLF's application for SNAP authorization, including its FNS Form 252-2, is attached hereto as Exhibit 2 to the Finestone Declaration.

2.      Peoria SLF's application for SNAP authorization contained a completed Form FNS-252-2 Application for Meal Services, and all other documentation required by FNS.  *Id.,* and Exhibit 2.

3.      Peoria SLF's application was received by the FNS. *Id.* at ¶ 11; see also Exhibit 3 to the Finestone Declaration, which includes a complete copy of the emails exchanged between Peoria SLF and FNS representatives.

4.      FNS placed Peoria SLF's application in a pending status because it was holding all new applications for SNAP authorization submitted by SLFs in a pending status. *Id.* at ¶ 13, 14; and Exhibits 3 and 4 to the Finestone Declaration (Exhibit 4 includes a complete copy of a letter, dated March 1, 2019, that Peoria SLF's counsel received from FNS).

5.      Peoria SLF meets all qualifications for licensure as an authorized SNAP provider. *Id.* at ¶ 7, 7 U.S.C. §§ 2018(i), 2012(k)(3), and (o)(2); *see also*, Exhibit 2, 3 and 4 to the Finestone Declaration.

6.      On September 4, 2019, FNS Section Chief Kent Wells sent an e-mail message to Eli Finestone advising that Peoria SLF's application for SNAP authorization and all other applications submitted by SLFs will be held in a pending status until the study of authorized establishments required by Congress in Section 4007 of the 2018 Farm Bill has been completed. *Id.* at ¶ 13-14; *see also* Finestone Declaration, at Exhibit 3.

3

7.      More than 120 days have passed since Peoria SLF submitted its completed application for SNAP authorization. *Id.* at ¶ 6 and 17.

8.      As of November 15th, 2019, FNS has neither granted nor denied submitted Peoria SLF's completed application for SNAP authorization. *Id.* at 17.

## III.    <u>ARGUMENT</u>

Plaintiff Peoria SLF seeks entry of summary judgment and issuance of an Order compelling Defendants Andrea Gold, Pam Miller, and FNS to comply with their mandatory, non-discretionary duty to grant Peoria SLF's application for authorization to participate in SNAP as a retail food store.  There are no material facts in dispute and this Court should grant this Motion and Order the Defendants to grant Peoria SLF's application for SNAP authorization at this time.

This Court should grant Peoria SLF's motion because FNS has failed to perform a mandatory, non-discretionary duty to grant or deny completed applications for SNAP authorization within 45 days after submissions. 7 C.F.R. §278.1(a)(1).   Simply put, there are no material facts in dispute.  Peoria SLF submitted its completed application for SNAP authorization on July 11, 2019. Finestone Declaration at ¶ 6, and Exhibit B. Despite the passage of more than four months since Peoria SLF submitted its completed application for SNAP authorization, FNS has failed to grant or deny such application. Finestone Declaration, ¶ 6 and 17.  FNS has taken the position that it will not complete the processing of *any* applications for SNAP authorization submitted by supportive living facilities ("SLFs") until after it completes the review mandated by Congress in Section 4007(1) of the 2018 Farm Bill.[1] See 7 U.S.C. 2018(i); *see also* Finestone Declaration, Exhibits 3 and 4.   On September 4, 2019, FNS confirmed, in writing, that it had placed Peoria SLF's application in a pending status. Finestone Declaration, Exhibit 3. No factual or legal basis exists to

---

[1] Following its completion of its review, FNS is required to submit a report to the House and Senate Agriculture Committees on or before June 20, 2020.  It is unlikely that FNS's report will be submitted prior to the deadline because FNS only recently awarded a contract to do the work to

support FNS's failure to grant to deny Peoria SLF's SNAP application. See Finestone Declaration, ¶ 7, Exhibit 3 and 4; see also, U.S.C. § 2012(k)(3) and (o)(2).

Additionally, 4007(2) of the 2018 Farm Bill prohibits FNS from denying the application for SNAP authorization submitted by any facility, program, or arrangement referred to 7 U.S.C. §2012(k)(3) based on a determination that residents of any such facility or entity are residents of an institution for a period of 18 months after December 20, 2018. 7 U.S.C. 2018(i) Peoria SLF, a SLF licensed by the State of Illinois, is an apartment building primarily occupied by the elderly. Finestone Declaration at ¶¶ 4, 5, and Exhibit 1. Peoria SLF and other apartment buildings primarily occupied by the elderly or disabled are facilities referred to in 7 U.S.C. §2012(k)(3). Finestone Declaration at ¶ 5. Therefore, FNS has a non-discretionary duty to grant Peoria SLF's application.

FNS has failed to process Peoria SLFs application for SNAP authorization because it has determined that it and all other SLFs are institutions and that residents thereof are residents of an institution. See Finestone Declaration, ¶ 7, Exhibit 3 and 4. It is clear that FNS has declined to deny Peoria SLF's application for SNAP authorization only because the agency was expressly prohibited from doing so by Congress when it enacted Section 4007(2) of the Farm Bill. 7 U.S.C. 2018(i). However, FNS is required to follow its own SNAP regulations and has no authority to place Peoria SLF's application for SNAP authorization in a pending status. This is undisputable because 7 C.F.R. §278.1(a)(1) expressly requires it to grant or deny completed applications for SNAP authorization. And because Defendants are forbidden from denying Peoria SLF's application based on its determination that it is an institution (7 U.S.C. 2018(i)), this Court should issue an Order directing Defendants to grant such application for SNAP authorization.

---

Computer Evidence Specialists LLC and only sent notices to SLFs that they may be the subject of an audit less than three weeks ago. See FNS Contract Award ID 12F2-12319819F0155.

A.    Standards Governing Summary Judgment Motions

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Although District Courts must, in determining whether a genuine issue of material fact exists, construe the facts alleged in a light most favorable to the party opposing the motion for summary judgment, the material facts at bar at few in number and none can be reasonably disputed. See *Id.*

B.    7 C.F.R. §278.1 Requires FNS to Grant or Deny Completed Applications for SNAP Authorization Within 45 Days.

FNS, like all federal agencies and departments, is required to follow regulations it has promulgated under the Administrative Procedure Act ("APA"). FNS has promulgated regulations governing the approval of retail food stores in connection with the SNAP program 7 C.F.R. § 278.1. 7 C.F.R. § 278.1 provides that "[a]ny firm desiring to participate or continue to be authorized in the program shall file an application as prescribed by FNS." *Id.* In promulgating 7 C.F.R. § 278.1(a), FNS saddled itself with a temporal limitation that obligates the agency to act promptly on applications for SNAP authorization. *Id.* "FNS shall approve or deny the application within 45 days of receipt of a completed application." *Id.*

Application of FNS's regulatory framework to the facts at bar leads to the inescapable conclusion that Defendants have failed to comply with their mandatory, non-discretionary duty to "grant or deny" Peoria SLF's application for SNAP authorization. On July 11, 2019, Peoria SLF submitted its completed application for SNAP application to FNS, including FNS Form 252-2. Finestone Declaration, at ¶¶ 6 and 7, Exhibit 2. More than 120 days have elapsed since Peoria

SLF submitted its completed SNAP application to FNS on July 11. 2019. Finestone Declaration, at ¶¶ 6, and 17.   At no time has FNS advised that its application for SNAP application is incomplete in any respect.[2] Finestone Declaration at ¶ 18, and Exhibits 3 and 4.   To the contrary, on September 4, 2019, FNS advised Peoria SLF that its application was being held in a "pending" status until FNS's study of currently authorized supportive living facilities is completed. Finestone Declaration at ¶¶ 13, 14, and Exhibit 3.   On September 4, 2019, FNS Section Chief Kent Wells sent Peoria SLF's President an e-mail which provided, in pertinent part,

> FNS is currently following Congress's direction in Section 4007 of the 2018 Farm Bill which requires the Secretary to review a representative sample of currently authorized facilities referred to in Section 3(k)(3) of the Food and Nutrition Act. As this provision governs only those Supportive/Senior Living Facilities (SLF) entities currently authorized, any new applications submitted by such facilities will be held in a pending status until the study of authorized establishments has been completed.

*Id.*

FNS has no legal basis to fail to grant or deny Peoria SLF's application for SNAP authorization. See 7 C.F.R. § 278.1.   FNS, which was required, pursuant to 7 C.F.R. §278.1(a), to grant or deny Peoria SLF's application for SNAP authorization within 45 days after submission, failed to comply with this mandatory obligation to act.   See *Id.,* and Finestone Declaration, ¶¶ 6 and 17.   Also, while FNS could have requested additional information from Peoria SLF had its application been incomplete, it did not do so during the more than four months since the application was submitted. Finestone Declaration, ¶¶ 10-15, 18, and Exhibit 3. FNS's failure to request additional information is a *de facto* acknowledgment that Peoria SLF's application was complete.   There is no dispute that, Peoria SLF submitted a completed application for SNAP authorization. See *Id.*   FNS has no basis to belatedly claim that Peoria SLF's application is

---

[2] Any attempt by FNS to claim that Peoria SLF's application for SNAP application is incomplete at this time is little more than a self-serving effort to delay what its own regulations and Congress require – authorizing Peoria SLF as a SNAP retailer.

incomplete in order to prevent this Court from issuing an Order compelling it to comply with its mandatory duties under 7 C.F.R. § 278.1(a) to grant or deny its application for SNAP authorization.

C.      Section 4007(2) of the Farm Bill Prohibits FNS from Denying Applications for SNAP Authorization Submitted by Supportive Living Facilities

Section 4007 of the Agriculture Improvement Act of 2018 ("2018 Farm Bill") contains two subsections. 7 U.S.C. 2018(i). The first, § 4007(1), directs FNS to review a representative sample of currently SNAP-authorized apartment buildings primarily occupied by the elderly or disabled to determine whether benefits are being properties used at those facilities. 7 U.S.C. 2018(i)(1). The second, § 4007(2), prohibits, *inter alia,* FNS from denying any application for SNAP authorization submitted by a facility based on the determination that residents of such a facility are residents of an institution.[3] 7 U.S.C. § 2018(i)(2).

For more than four decades, Congress has intended that apartment buildings primarily occupied by the elderly or disabled that serve meals to residents be SNAP authorized.  *See* 7 U.S.C. § 2012(k)(3) and (o)(2).  Since 1999, more than 150 Illinois SLFs have participated in SNAP as authorized retail food stores.  Upon information and belief, no Illinois SLF has ever been disqualified for trafficking in SNAP benefits.

During 2017, FNS commenced withdrawing the SNAP authorizations of Illinois SLFs. FNS's withdrawal determinations were based upon its conclusion that residents of Illinois SLFs were residents of institutions.[4]  After many of those facilities sought administrative review,

---

[3] §4007(2) contains a temporal limitation of 18 months from enactment of the 2018 Farm Bill. Because less than 11 months have elapsed since passage thereof, this provision remains in effect.

[4] Although FNS has never defined "institution," the agency's SNAP regulation governing "ineligible household members" provides, "[i]ndividuals must be considered residents of an *institution* when the *institution* provides them with the majority of their means (over 50 percent of three meals daily) as part of the *institution's* normal services." 7 C.F.R. § 273.1(b)(7)(vi)(emphasis added). This SNAP regulation, which applies to SNAP beneficiaries and does not apply to retailers, cannot be reconciled with Congress' intent in the definition of "food" and "retail food

pursuant to 7 C.F.R. Part 279, FNS reversed course and vacated its withdrawal decisions, presumably because FNS has never defined "institution," and because application of its "household" regulation – which governs SNAP *beneficiaries*, to decisions related to the authorization of retail food stores is arbitrary, capricious, and inconsistent with Congressional intent in enacting the Food and Nutrition Act and its delegation of authority to the Secretary of Agriculture to formulate and administer the SNAP program. 7 U.S.C. § 2013(a).  It is also important to note that FNS has not directed the Illinois Department of Human Services, the state agency that issues the Illinois Link/EBT card to SNAP beneficiaries, to rescind the SNAP benefits provided to eligible residents of SLFs, including numerous residents of Grand Regency of Peoria.

FNS, when faced with the statutory prohibition against denial of applications for SNAP authorization submitted by Illinois supportive living facilities, attempted to avoid Congress' clear directive when advised that it was placing all current *and would place all future* applications for SNAP authorization submitted by SLFs in a pending status. See 7 U.S.C. § 4007(2); see also Exhibit 3 and 4 to Finestone Declaration. By doing so, FNS violated its own SNAP regulation and effectively ignored the unambiguous language in the 2018 Farm Bill prohibiting it from denying applications for SNAP applications submitted by SLFs.  See 7 U.S.C. § 4007(2) and 7 C.F.R. § 278.1.

There can be no doubt that FNS's March 1, 2019, letter, clearly contained the agency's determination that SLFs are "institutions" when it stated "it is our determination that the Agency has no grounds to approve new SLF applications that would otherwise be denied because they are institutions by the regulatory definition." Finestone Declaration, Exhibit 4.  It is also clear that FNS is barred by § 4007(2) from denying Peoria SLF's application for SNAP authorization based

---

store" to have apartment buildings primarily occupied by the elderly and disabled at which meals are served be authorized SNAP retailers.  To the extent it conflicts, the statutory provisions control.

on the determination that it is an institution. 7 U.S.C. § 2108(i)(2). In addition to ignoring clear Congressional verbiage and intent, FNS appears to have forgotten that the "legislative power of the United States is vested in the Congress, and the exercise of quasi-legislative authority by governmental departments and agencies must be rooted in a grant of such power by the Congress and subject to limitations which that body imposes." *Chrysler Corp. v. Brown*, 441 U.S. 281, 302 (1979). Stated differently, any administrative determination by FNS to deny Peoria SLF's application for SNAP authorization would plainly violate § 4007(2) of the Farm Bill. See 7 U.S.C. § 2108(i)(2). This Court should not permit FNS to make a mockery of the SNAP retailer authorization process that the agency is required to equitably administer by sanctioning a belated denial of Peoria SLF's SNAP application.[5]

D.      This Court Should Issue a Writ of Mandamus Compelling Defendants to grant Peoria SLF's Application for SNAP Authorization.

District courts have the authority to issue a writ of mandamus to compel an agency to perform a duty owed to a plaintiff. 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002). Application of all three conditions to the undisputed material facts at bar lead to the clear conclusion that issuance of a writ of mandamus is appropriate.

First, there is no dispute that Peoria SLF has a "clear right" to have its completed application for SNAP authorization timely ruled upon and not placed in limbo pending the

---

[5] Given FNS's unambiguous regulation governing SNAP retail authorizations, it is possible that the agency may attempt to moot this action by denying Peoria SLF's SNAP application. In that event, this Court should retain jurisdiction and determine whether any justification for its decision exists. Failure to do so will cause irreparable harm to Peoria SLF because there it has no recourse against the federal government or the individual Defendants for recovery of the value of lost SNAP benefits during the period that Defendants failed to authorize it as a SNAP retail food store.

completion of a review of other facilities.[6]   7 C.F.R. § 278.1(a) clearly entitles applicants for SNAP authorization to have their completed applications ruled upon within 45 days after submission.  Here, more than 120 days have passed since Peoria SLF submitted its application for SNAP authorization.  FNS has failed to grant or deny its application and has further advised, generally and specifically, that it will not do so prior to June 2020, assuming it timely submits its report to Congress.   FNS's action is illegal inasmuch as it does not possess authority to ignore its own regulations by placing applications for SNAP authorization in a pending status, especially when Congress has directed it to refrain from doing so.

Second, it is undisputed that FNS has a duty to grant Peoria SLF's application.  As noted above, 7 C.F.R. § 278.1(a) contains the word "shall."  This non-discretionary language *requires* FNS to grant or deny a completed application.  Simply put, FNS has a mandatory duty to act.  And given that FNS has already determined that Peoria SLF is an institution, any denial of its application is violative of Farm Bill Section 4007(2).  Defendant Gold's March 1, 2019, letter, and Kent Wells' September 4, 2019, e-mail clearly provides that FNS has determined that Peoria SLF is an institution and that had it not placed its application in a pending status, it would have denied it. *See* Finestone Declaration 7, at Exhibits 3 and 4. Thus, in light of Section 4007(2) and the fact that Peoria SLF meets all qualifications for licensure as an authorized SNAP provider, any decision by FNS to deny Peoria SLF's application for SNAP authorization would be inconsistent with federal law.  Based thereon, this Court should direct the Defendants to grant Peoria SLF's application for SNAP authorization. 7 U.S.C. § 2108(i)(2), and Finestone Declaration ¶ 7, 7 U.S.C. § 2012(k)(3).

---

[6] Even if FNS's report to Congress, once completed, suggests that Peoria SLF and other SLFs should not be or remain SNAP authorized, it does not have authority to implement such recommendation in light of Congress's clear intent to have apartment buildings primarily occupied by the elderly and disabled be SNAP-authorized. 7 U.S.C. § 2012(k)(3).

This action is procedurally similar to *In re: Paralyzed Veterans of America*, 392 Fed. Appx. 858, Misc. Docket 949 (Fed. Cir. Aug 2, 2010). In that case, the Federal Circuit issued a writ of mandamus directing the Secretary of Veterans Affairs to issue a final rule based on a mandatory requirement in federal law compelling the Secretary to do so within a specified time period. The Federal Circuit noted that "the agency has no discretion . . . and the failure to comply is unlawful." *Id.* at *2.

This case is unlike the numerous opinions addressing petitions to FDA, EPA and other federal agencies that seek to compel the agency to act; in those cases, the petitions are typically denied because no time limit requiring the agency to do a specified act existed. To the contrary, this case concerns a regulation promulgated by FNS pursuant to the APA that compels the Defendants to act within a time period specified therein. Based on the mandatory requirements in 7 C.F.R. § 278.1(a), Defendants, like the Secretary of Veterans Affairs in *In re: Paralyzed Veterans,* have no discretion once 45 days have passed since submission of a completed application for SNAP authorization. Instead, Defendants must act on an application for SNAP authorization within 45 days of submission of a completed application. Because the Defendants have failed to act in the timely fashion consistent with the requirements of their own regulation, this Court can and should issue a writ of mandamus compelling them to do so.

Finally, no administrative or other remedy is available to Peoria SLF. Given FNS's failure to grant or deny its application for SNAP authorization, Peoria SLF could not have availed itself of FNS's SNAP administrative process. 7 C.F.R. § 279.1 permits aggrieved SNAP retailers to seek administrative review of *denials* of application for SNAP authorization. 7 C.F.R. § 279.1(a)(1). But no provision in 7 C.F.R. Part 279 provides for administrative review of pending applications for SNAP authorization. And Congress has not waived the immunity of Defendants Gold or Miller, FNS, or the United States such that Peoria SLF can bring a suit for monetary damages.

Accordingly, this Court should enter summary judgment in favor of Peoria SLF, issue a Writ of Mandamus ordering Defendants to grant Peoria SLF's application for SNAP authorization, and declaring that Defendants have violated 7 C.F.R. § 278.1(a) by failing to act on Peoria SLF's application for SNAP authorization within 45 days of submission.

E.      This Court Should Additionally Declare That Defendants Violated the Administrative Procedure Act

The APA, 5 U.S.C. § 701 *et seq.*, provides for judicial review to compel agency action that is unreasonable delayed.  The APA grants judicial review to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action. 5 U.S.C. § 702. "Agency action" includes the "failure to act." 5 U.S.C. § 551(13); *see also Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61-62, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).

When unreasonable delay occurs, district courts may "compel agency action unlawfully withheld or unreasonably delayed." To compel agency action that is "unlawfully withheld," a plaintiff must demonstrate "that an agency failed to take a discrete agency action that it is required to take." *Id.* at 64. Here, Defendants have a non-discretionary duty to grant or deny Peoria SLF's completed SNAP application in accordance the 45-day deadline contained in FNS's own SNAP regulations.  Any delay beyond the regulatory period is agency action that is unlawfully withheld and unreasonably delayed.

Despite this regulatory mandate, Defendants have failed to grant or deny Peoria SLF's SNAP application. And there is no dispute that Defendants failure to grant or deny Peoria SLF's SNAP application violates 7 C.F.R. § 278.1.   Defendants' failure to follow the mandatory requirements of that regulation constitutes a violation of the APA that this Court has authority to remedy.   Finally, Defendants' violations are ongoing and their failure to grant or deny Peoria SLF's SNAP application also runs afoul of Congressional directives set forth in Section 4007(2) of the 2018 Farm Bill. See 7 U.S.C. § 2018(i)(2).

## IV.    **CONCLUSION**

For the foregoing reasons, this Court should grant Peoria SLF's Motion for Summary Judgment, issue a Writ of Mandamus directing Defendants to grant Peoria SLF's application for SNAP authorization, and enter an Order declaring that Defendants violated 7 C.F.R. § 278.1(a) by failing to grant or deny Peoria SLF's application for SNAP authorization within 45 days of submission and violated the APA by unlawfully withholding and unreasonably delaying a decision on Peoria SLF's application for SNAP authorization.

WHEREFORE, Plaintiff Peoria SLF, LLC respectfully requests that this Court grant this Motion for Summary Judgment, enter Judgment in its favor and against Defendants, issue a Writ of Mandamus Directing Defendants to grant Peoria SLF's SNAP application forthwith, declaring that FNS violated 7 U.S.C. § 2018(i)(2) by failing to grant Peoria SLF's SNAP application, declaring that FNS violated 7 C.F.R. § 278.1(a) by failing to grant Peoria SLF's SNAP application within 45 days of submission, declaring that Defendants violated the APA by unlawfully withholding or unreasonably delaying a decision on Peoria SLF's SNAP application, entering an injunction preliminarily and permanently enjoining FNS from denying Peoria SLF's application for SNAP authorization based on the determination that it is an institution or that its residents are residents of an institution, and such other and further relief as the Court may deem just and proper.

Submitted and Dated this 15th day of November 2019,

By: /s/ Robert M. Riffle
Robert M. Riffle, Attorney
Anne L. Mergen, Attorney
Riffle & Associates, LLC
133A South Main Street
Morton, Illinois 61550
(309) 321-8365
Rriffle@rmrenterprises.net

14

Stewart D. Fried (*pro hac vice* admission forthcoming)
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W., # 3000
Washington, D.C. 20006
(202) 518-6326 – Direct Dial
(202) 747-3140 – Facsimile
sfried@ofwlaw.com

Attorneys for Plaintiff Peoria SLF, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 16, 2019 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system.

The undersigned hereby certifies that the foregoing document was mailed United States Postal Service and Electronic Mail to the following non-CM/ECF participants:

United States Attorney for the
Central District of Illinois
Attention: Kimberly Klein
211 Fulton Street, Suite 400
Peoria, Illinois 61602
309-671-7050

/s/ Robert M. Riffle
Robert M. Riffle, Attorney
Anne Mergen, Attorney
Riffle & Associates, LLC
133A South Main Street
Morton, Illinois 61550
(309) 321-8365
(309) 321-8460 Facsimile